IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFANI DIAMOND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUREFIRE MANAGEMENT, LLC, *et al.*,<br><br>Defendants. | Civil Action No.: 2:25-cv-00190-PLD |

**ORDER GRANTING PRELIMINARY APPROVAL OF
<u>CLASS AND COLLECTIVE ACTION SETTLEMENT</u>**

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement seeking preliminary approval of the settlement (the "Settlement") of this class action asserting alleged violations of applicable wage laws, including the Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania Wage Payment Collection Law ("WPCL"), and the Fair Labor Standards Act ("FLSA"). The terms of the Settlement are set out in the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") that has been executed by Plaintiff and Defendants and filed with the Court. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court, having considered the requirements of 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 23, and the papers and Memorandum of Law filed in support of Plaintiff's Motion to Preliminarily Approve Settlement ("Preliminary Approval Motion"), including specifically the parties' Settlement Agreement, hereby ORDERS as follows:

## COMPLAINT

The Court FINDS, for purposes of effectuating this Settlement, that the Complaint filed on February 7, 2025 is the operative complaint in this Litigation.

## CLASS FINDINGS

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met as to the proposed Settlement Class, in that:

a) The Settlement Class includes all members of the PA Class and the FLSA Collective.

b) Based on the allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class. Among other things, Plaintiff alleges that Defendants failed to properly pay Tipped Employees by (i) failing to satisfy the notice requirements of the tip credit provisions in federal and state laws and (ii) paying subminimum wages when Tipped Employees were performing non-tipped duties. As such, Plaintiff alleges Tipped Employees were not paid the mandated minimum wage for each and every hour worked.

c) The Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of her claims are consistent with those of all members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiff and the members of the Settlement Class; and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified counsel who are experienced in preparing and prosecuting complex class actions;

d) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual members of the

2

Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of the Settlement Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests; and

      e)      Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendants paid Tipped Employees in accordance with applicable wage laws.

## **COLLECTIVE FINDINGS**

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that Plaintiff and Tipped Employees are similarly situated, in that:

      a)      These individuals all worked as Tipped Employees for Defendants in Pennsylvania during the Class Period.

      b)      Based on the allegations in the Complaint, there are common questions amongst these individuals, including whether Defendants failed to properly pay Tipped Employees by failing to satisfy the notice requirements of the tip credit provisions of the FLSA. In addition, there is also the common question of whether these individuals performed excessive side work and/or work unrelated to their occupation as a Tipped Employee. Consequently, there is the common issue of whether these individuals were not paid properly by Defendants during the Class Period.

## **CERTIFICATION**

Based on the findings set out above, the Court hereby certifies the following FLSA Collective for settlement purposes only:

> Plaintiff and all Tipped Employees who affirmatively opt-into this Action pursuant to Section 216(b) of the FLSA by submitting a Claim Form to the Claims Administrator prior to the Bar Date.

In addition, and based on the findings set out above, the Court hereby certifies the following PA Class for settlement purposes only:

> All former and current Tipped Employees of Defendants who worked in any one or more of Defendants' Restaurants at any time during the Class Period who has not filed a Request for Exclusion prior to the Bar Date.

As noted above, Plaintiff is an adequate and typical class representative. Accordingly, the Court hereby appoints her as class representative for the Settlement Class which includes both the FLSA Collective and PA Class.

As required by Fed. R. Civ. P. 23(g), the Court also has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA, PMWA and WPCL, and how those laws apply to the claims in this case; and (iv) the resources Class Counsel has committed to representing Plaintiff in this case. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates Lynch Carpenter as Class Counsel with respect to the Settlement Class.

## **PRELIMINARY APPROVAL OF SETTLEMENT**

The proposed settlement between the Parties documented in the Settlement Agreement appears to be fair, reasonable and adequate and in the best interests of the Settlement Class. As such, the proposed Settlement is hereby preliminarily approved pending a final hearing on the Settlement as provided herein. In addition, as set forth in Plaintiff's motion, the Parties have agreed

upon RG/2 Claims Administration LLC ("RG/2") to serve as the Settlement's "Claims Administrator." Based on the Parties' representation, the Court approves the appointment of RG/2 as the Claims Administrator.

### FINAL APPROVAL HEARING

A Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled for December 10, 2025, at 9:30 a.m. in Courtroom 9A, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive final approval by the Court; whether the Settlement Class and its representation by the Plaintiff as set forth in the Settlement Agreement and Complaint and Class Counsel satisfy the requirements of Fed. R. Civ. P. 23 and Section 216(b) of the FLSA; whether the FLSA Collective should be granted final collective certification; whether Class Counsel's application for an award for attorneys' fees and reimbursement of Litigation expenses and Service Payment for Plaintiff should be granted; and any other issues necessary for final approval of the Settlement.

### CLASS NOTICE

The Court hereby APPROVES Class Notice substantially in the same form and with the same content as that attached to the Settlement Agreement as "Exhibit A," finding that it fairly and adequately (i) describes the terms and effect of this Settlement Agreement, (ii) provides notice to the Settlement Class of the time and place of the Final Approval Hearing and (iii) describes how the recipients of the Class Notice may object to the Settlement. The Court further finds that mailing and emailing the Class Notice to the members of the Settlement Class and posting the Store Notice to putative Settlement Class members via Defendants' electronic system is the best notice

practicable under the circumstances, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law.

As such, the Court directs the Defendants to provide the Claims Administrator with the Payroll Data within fourteen (14) calendar days after this Preliminary Approval of Class and Collective Action Settlement Order is entered.

Furthermore, the Court directs the Claims Administrator to disseminate the Class Notice, including where applicable the Notice Packet, to Class Members in accordance with the terms of the Settlement Agreement (including via email where possible) within fourteen (14) calendar days after receipt of the Payroll Data. Further, the Claims Administrator is directed to establish a settlement website for members of the Settlement Class to view applicable documents and Court orders in accordance with the Settlement Agreement and as set forth in the Class Notice. Finally, Defendants are hereby directed to post a copy of the Store Notice as set forth in the Settlement Agreement.

## **REQUESTS FOR EXCLUSION**

Members of the Settlement Class may exclude themselves from the Settlement by sending the Claims Administrator either a (i) Request for Exclusion form or (ii) a letter that states "I request to be excluded from the settlement in *Diamond v. Surefire Management, LLC, et al.*, Civil Action No. 2:25-cv- 00190-PLD, (W.D. Pa.). I affirm that I was employed by Defendants as a Tipped Employee on one or more days between February 7, 2022 and February 7, 2025 at one of Defendants' Restaurants." To be considered valid, any Settlement Class member's request for exclusion must be postmarked on or before the Bar Date and must also include the individual's full name, address and phone number.

## OBJECTIONS TO SETTLEMENT

Members of the Settlement Class may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. All objections to the Settlement must be sent no later than the Bar Date.

Objections, and any other papers submitted for the Court's consideration in connection with issues to be addressed at the Final Approval Hearing shall be submitted to:

RG/2 Claims Administration LLC
30 S. 17th Street
Philadelphia, PA 19103

Upon receipt of any objection, the Claims Administrator shall follow the procedures set forth in the Settlement Agreement regarding notifying counsel for the Parties. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order, unless otherwise ordered by the Court, shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any member of the Settlement Class who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing in person or through counsel retained at that individual's expense. Class Counsel and Defendants' Counsel should be prepared at the Final Approval Hearing to respond to any objections filed by Class Members.

## MOTION IN SUPPORT OF FINAL SETTLEMENT APPROVAL, APPLICATION FOR FEE, EXPENSES AND SERVICE PAYMENT

Plaintiffs' Motion in Support of Final Approval of Settlement and related relief shall be filed with the Court and served on all counsel of record in accordance with the Court's policies and practices, or no later than December 1, 2025. Further, any application by Class

Counsel for attorneys' fees and reimbursement of Litigation expenses and for a Service Payment for the Plaintiff, and all papers in support thereof, shall be filed with the Court concurrently with Plaintiff's Motion in Support of Final Approval of Settlement, or no later than December 1, 2025. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice.

Until such time as the Court can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED,** this
25th day of September, 2025.                    /s/ Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                UNITED STATES MAGISTRATE JUDGE